## UNITED STATES v. J. K. MULLEN INV. CO.

### No. 6868.

Circuit Court of Appeals, Ninth Circuit.

Jan. 23, 1933.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This is a companion case to United States v. John K. & Catherine S. Mullen Benevolent Corp. (C. C. A.) 63 F.(2d) 48. We refer to that decision for a general statement of the situation.

The present case was brought by J. K. Mullen Investment Company based upon the establishment of local improvement district No. 9 in the village of American Falls for the construction of cement sidewalks and crosswalks in that village. The aggregate principal of the special assessment improvement bonds issued therefor was $25,500. It is alleged that assessments were made to pay said bonds, "but that through mistake or inadvertence the levies and assessments so made and levied were not in fact sufficient to pay the principal and interest on said bonds as the same became due and payable or at all." The bonds were payable ten years from date, that is, on September 1, 1926, together with interest on said sum from date thereof, September 1, 1916, until paid, at the rate of 7 per cent. per annum payable semiannually. Each bond provided that it was redeemable at the option of said village after a certain date therein specified.

It is alleged that J. K. Mullen purchased 14 bonds of $500 denomination, numbered 38 to 51 aggregating $7,000; that assessments were made and levied to pay these bonds in accordance with the law "until prevented

from so doing by the acts of the defendant." It was then alleged that the United States, acting through the Department of the Interior and the United States Reclamation Service, had appropriated the property within the local improvement district for reclamation reservoir known as the American Falls Reservoir; that it sold, destroyed, and moved all improvements located on the lots, permanently flooded the land, and "thereby completely and permanently destroyed plaintiff's one and only method of payment and assessment of bonds aforesaid against the hereinafter described lots, etc."; that the bonds owned by plaintiff were worth their face value and that "by and through the defendant's destruction of plaintiff's property * * * the defendant became liable and indebted to plaintiff in the amount of unpaid assessments outstanding and unpaid against the above described lots so inundated and possessed by the defendant; that the total of the unpaid assessments against the above described lots so due and unpaid was $1514.-23."

It will be observed that this complaint, unlike that in the companion case, is predicated upon the existence of unpaid assessments against the lots acquired by the government. The trial court, however, found as a fact that all assessments made upon the properties required by the government were paid at the time the suit was brought. For that reason the motion for a nonsuit made at the conclusion of all the evidence should have been granted.

The judgment in this case, for $388.48, is not for the amount of unpaid assessments upon which action is predicated, for these assessments had already been paid, but it is for 25.92 per cent. of the balance due upon the bonds, after deduction of amounts paid by or for the property holders which should have been applied at the time of payment by the city authorities.

The findings state that the percentage of 25.92 is obtained by comparing the proportionate area of district No. 9 taken by the United States government for use as a reservoir site with the balance of the district. Apparently these figures were arrived at in the following manner: By Ordinance No.

125 providing for the reassessment in district No. 9 it is stated that the amount theretofore levied as assessments to pay the bonds was insufficient. The ordinance stated: " * * * The original assessment having been paid, but being insufficient to pay the total of said bonds and interest issued for the construction of the improvements authorized by said ordinance, and there remains due, owing and unpaid on account of said improvements the sum of $5880.64; therefore, the committee on streets for the city of American Falls, together with the city engineer, are hereby authorized and directed to make and present * * * a reassessment roll * * * against the various tracts and parcels of land within such improvement district, which shall be sufficient to raise and produce the amount of money necessary to pay and discharge the amounts of money remaining unpaid as aforesaid."

In pursuance of this authorization the amount thus reassessed against the property taken by the United States was $1,514.23. The trial court concluded that the balance due upon the bonds after the payment of the moneys which should properly have been applied thereto was $1,595.79. Inasmuch as the total due was reduced to $1,595.75, the court proportionately reduced the amount due from the property taken by the government, making the balance thus found due $388.48.

By this procedure it will be observed the entire amount properly due from the property taken over by the United States is made payable to the appellee, although it purchased only $7,000 of the $25,500 bond issue. It may be true that all the other bonds had been paid, but this is not made clear in the record.

For the reasons stated in the companion case and for the further reason that the evidence and findings show that the amounts of the assessments upon which the action was predicated have been paid, the judgment is reversed and the trial court directed to enter judgment on the findings, dismissing plaintiff's action for lack of jurisdiction under the Tucker Act (24 Stat. 505). Claimant must seek such redress as may be appropriate from the Congress.